# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KIRSHA BROWN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ACCSC ACCREDITING COMMISSION OF<br>CAREER SCHOOL B COLLEGES,<br><br>　　　　　Defendant. | 2:10-cv-00965-JCM-LRL<br><br>**O R D E R and RECOMMENDATION** |

Plaintiff has submitted an Application to Proceed *In Forma Pauperis* and a Complaint (#1). The court finds that plaintiff is unable to prepay the filing fee. However, for the reasons set forth below, the court recommends that the Complaint be dismissed with prejudice as irrational and frivolous.

**I.**　*In Forma Pauperis* **Application**

Plaintiff has submitted the affidavit required by 28 U.S.C. § 1915(a) showing that she is unable to prepay fees and costs or give security for them. Accordingly, her request to proceed *in forma pauperis* will be granted pursuant to § 1915(a).

**II.**　**Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (internal quotations and

citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russel v. Landrieu*, 621 f.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

Plaintiff has filed a Complaint against the "ACCSC Accrediting Commission of Career School B Colleges" using the court's form to file § 1983 actions. She seeks 5 million dollars "in relief for instigating harassment against with the college & not properly addressing my complaints." She writes as the "Nature of the Case," that the "Commission refuses to properly address & investigate complaints against Kaplan college, due to my 'Government Target' status." Plaintiff does not provide the names of any defendants where required on the court's complaint form ("A. Jurisdiction"). Nor does she allege that any civil rights were violated in the spaces provided under "count I," "count II," and "count III." Instead, in the space provided to describe count I, she repeats, "Due to my government target status, my complaints with the commission were ignored." Plaintiff has made similar statements in several previous suits, which have been dismissed. Further these statements do not provide sufficient legal or factual grounds to support a § 1983 claim. The court finds plaintiff's statements to be irrational and frivolous, and will therefore recommend that the Complaint be dismissed.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

. . .

. . .

IT IS FURTHER ORDERED that plaintiff is permitted to maintain the action to conclusion without necessity of prepayment of any additional fees, costs, or security. This Order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of Court shall file the Complaint.

IT IS ALSO RECOMMENDED that the Complaint be dismissed with prejudice as irrational and frivolous.

DATED this 28th day of October, 2010.

**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**